UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No.  0:21-cv-61053

SHARONDA PHILPOT,

    Plaintiff,

v.

AMERIFINANCIAL SOLUTIONS, LLC,

    Defendant,
_____/

**COMPLAINT**

**NOW COMES** Plaintiff, SHARONDA A PHILPOT, by and through her undersigned counsel, complaining of Defendant AMERIFINANCIAL SOLUTIONS, LLC as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("CCPA"), Fla. Stat. §559.55 *et. seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. SHARONDA PHILPOT ("Plaintiff") is a natural person, over 18-years-of-age,

1

who at all times relevant resided in this jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. AMERIFINANCIAL SOLUTIONS, LLC ("Defendant") maintains its principal place of business at 300 Redland Ct. Suite 207 Owings Mills, MD 21117.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

11. At some point in summer of 2020, Plaintiff incurred a medical debt in the approximate amount of $700 ("subject debt").

12. Plaintiff's medical insurance provider, Humana, was responsible for the payment of the subject debt.

13. However, Humana was late in making a payment or payment was received late by the institution providing medical care and the subject debt was sent for collections to the Defendant.

14. Plaintiff then contacted Humana and confirmed the subject debt was paid in full and should not be in collections.

15. Around one year after payment was made, Plaintiff was in process of applying for a student loan and noticed that the debt was still appearing on her credit report in collections.

16. Plaintiff was very upset and contacted the credit report agency to dispute the subject debt.

17. After Plaintiff disputed the subject debt, it was removed from her credit report.

18. Just recently the Plaintiff noticed that the subject debt again appeared on her credit report.

19. Plaintiff was very disappointed that the debt was still appearing on her credit report contacted Humana and explained the subject debt was again reporting on her credit report.

20. Humana then tried to contact Defendant with Plaintiff on the phone to sort out the situation; however, the connection attempts were unsuccessful as Defendant would merely place Humana and Plaintiff on hold and hang up.

21. Defendant continued to call the Plaintiff requesting to set up a payment arrangement.

22. Plaintiff on numerous occasions explained that she doesn't owe the subject debt.

23. Defendant's representative stated, if the account was in our office that means you owe it.

24. Plaintiff against requested the calls cease.

25. Despite Plaintiff's requests the calls cease, and providing information that she does not owe the subject debt, collection efforts continued.

26. Defendant placed these calls from various phone numbers, including but not limited to the phone number (800) 945-7184.

27. Concerned with having had her statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

28. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

## COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

29. Paragraphs 10-28 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of 15 U.S.C. §1692e

30. Section §1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of a debt. 15 U.S.C. §1692e(2)

31. Defendant violated §1692e(2) by falsely representing the character and amount of the debt.

32. Specifically, Defendant was attempting to collect on a debt that Plaintiff does not owe.

33. Furthermore, after being advised that the Plaintiff does not owe the subject debt, Defendant is still attempting to collect the subject debt.

34. Section §1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or should be known to be false.

35. Defendant violated §1692e(8) of the FDCPA when it continued to report a subject debt to Plaintiff's credit when Plaintiff did not owe the debt.

### b. Violations of FDCPA §1692f

36. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff.

38. Specifically, Defendant was attempting to collect on a debt that Plaintiff did not

owe.

**WHEREFORE,** Plaintiff SHARONDA PHILPOT, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

39. Paragraphs 10-28 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

40. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

41. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff to set up a payment arrangement after being advised that Plaintiff does not owe this debt. See Waite v. Fin.

Recovery Servs., Inc., 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

42. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, SHARONDA PHILPOT, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 19, 2021                                        Respectfully submitted,

**SHARONDA PHILPOT**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200

          Lombard, Illinois 60148
          +1 630-575-8181
          ataylor@sulaimanlaw.com